UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CORINNA RAMLOGAN, individually and on behalf of other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VIATOR, INC., <br><br> Defendant. | Case No.: <br><br> JURY TRIAL DEMANDED <br><br> CLASS ACTION COMPLAINT |

Plaintiff Corinna Ramlogan ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Viator, Inc. ("Defendant") for its violation of the New York State's Arts and Cultural Affairs Law ("Arts & Cult. Aff. Law"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## INTRODUCTION

1. Defendant operates as an online ticket seller that sells tickets through multiple channels, including on its website, www.viator.com.

2. When selling tickets, Defendant presents customers only with a total price, failing to itemize the base ticket price, fees, and taxes separately.

3. The State of New York sought to end this practice by enacting Arts and Cultural Affairs Law § 25.07(4) which requires:

> "Every...operator's agent of a place of entertainment...or platform that facilitates the sale or resale of tickets shall...disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser."

1

4.       On behalf of herself and the proposed Class defined below, Plaintiff seeks statutory damages and reasonable attorneys' costs and fees under Arts & Cult. Aff. Law § 25.33.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. Defendant sold at least 100,000 tickets to venues and other attractions taking place in the state of New York during the applicable class period and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

6.       This Court has personal jurisdiction over Defendant because Defendant is based in Massachusetts.

7.       Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## PARTIES

8.       At all relevant times, Plaintiff is an individual and citizen of the state of Colorado. Plaintiff purchased four admission tickets to the Madison Square Garden Tour Experience in New York City through Defendant's website, www.viator.com. Similar to the depiction in Figure 2 below, Defendant's presentation of the ticket price to Plaintiff did not itemize any service charge, or other fee or surcharge.

9.       Defendant Viator, Inc. is a Delaware corporation with its principal place of business in Needham, Massachusetts.

## FACTUAL ALLEGATIONS

10. Defendant operates an online marketplace that sells tickets to museums and other tourist attractions, including venues throughout New York State.

11. Defendant's business model requires venues to provide it with tickets at their lowest available commercial rates, from which Defendant derives commission by charging consumers a higher retail price and retaining the difference.[1]

12. To venues, Defendant explains this pricing and commission structure as follows:[2]

**Prices**

Finally, we ask for a *Suggested Retail Price*, which is the suggested amount a traveler may pay for their booking, and the *Amount you will be paid*, which is what you will be paid for a booking made for this product.

You'll see a field for *Commission rate*, which shows the commission rate Viator receives for every booking delivered to you. This is calculated using the *Suggested Retail Price* and *Amount you will be paid*. Please remember that your prices will be required to meet the standard minimum commission rates for your product type and destination.

*Figure 1*

13. When selling tickets, Defendant only displays the final price to consumers without itemizing what portion represents the base ticket price versus commission or other surcharges.

---

[1] https://help.supplier.viator.com/en/articles/317-supplier-agreement (visited February 13, 2025).
[2] https://help.supplier.viator.com/en/articles/212-creating-your-product-s-pricing (visited February 13, 2025).

14. For example, Defendant lists a ticket to tour the Madison Square Garden arena in New York City at $46.00 (Figure 2),³ while the same ticket sells at the box office for $37.00 (Figure 3).⁴



*Figure 2*



*Figure 3*

15. As shown in Figure 3, purchasing tickets online (such as through Defendant) incurs a higher price of $46.00, representing a $9.00 increase from the box office price.

---

³ https://www.viator.com/tours/New-York-City/Madison-Square-Garden-All-Access-Tour-Tickets/d687-76482P3 (visited February 13, 2025).
⁴ https://www.msg.com/guided-tours/new-york-city-tours/madison-square-garden-tour (visited February 13, 2025).

16. In other words, there is a $9.00 surcharge to buy this ticket from Defendant, which purchasers must pay.

17. While the Arts & Cult. Aff. Law permits added charges for "sales away from the box office," the law also states that fees, commissions, or other surcharges must be itemized and disclosed to purchasers separately from the base ticket price.

18. Defendant fails to itemize service charges, fees or surcharges to purchasers at any point during or after the purchase process, even after the transaction is completed.

## NEW YORK'S ARTS & CULTURAL AFFAIRS LAW

19. Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "every...operator's agent of a place of entertainment … or platform that facilitates the sale or resale of tickets shall...disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." *See also* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as Exhibit A, at 1.

20. Additionally, "[n]o operator of any place of entertainment, or his or her agent, representative, employee or licensee shall, if a price be charged for admission thereto, exact, demand, accept or receive, directly or indirectly, any premium or price in excess of the established price plus lawful taxes whether designated as price, gratuity or otherwise; provided, however... nothing in this article shall be construed to prohibit a reasonable service charge by the operator or agents of the operator for special services, including but not limited to, sales away from the box office, credit card sales or delivery[.] Arts & Cult. Aff. Law at § 25.29.

21. And "[t]he established price for any given ticket shall be the same regardless of the form or transferability of such ticket." *Id*. at § 25.30.

**CLASS ALLEGATIONS**

22. Plaintiff seeks to represent a class defined as all individuals in the United States who purchased tickets to any venue in the State of New York from Defendant on or after August 29, 2022.

23. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

24. Upon information and belief, members of the Class are so numerous that joinder of all members is impracticable.[5] Although the exact number of members of the Class is currently unknown to Plaintiff, the number of members and their identities may be determined through discovery.

25. Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages based upon Defendant failing to separately disclose the fees, commissions, or other surcharges comprising the total cost of their tickets.

---

[5] According to the website traffic analytics company Similarweb, Defendant's website has received 81.2 million visits in the last three months, with 52.22% of the website traffic coming from the United States. *See* https://www.similarweb.com/website/viator.com/#traffic. Approximately 5.98% of the United States population resides in the State of New York. Assuming New Yorkers visited Defendant's website in equal proportions to other Americans, then Defendant received over 2.54 million visitors from the State of New York during this time period. This is to say nothing of other Americans that live in other states, who may also wish to purchase tickets in New York State.

26. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, whether Defendant failed to disclose service charges, or any other fee or surcharge to purchasers in violation of Arts & Cult. Aff. Law § 25.07(4).

27. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

28. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

29. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

## COUNT I
### New York's Arts & Cultural Affairs Law § 25.07
**(On Behalf Of The Class)**

30. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

31. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

32. Defendant is a "platform that facilitates the sale or resale of tickets" because Defendant controls and operates a website that sells tickets to venues and other public attractions.

33. Defendant is also an "operator's agent of a place of entertainment" because Defendant is an agent for business entities that own, operate, or control venues and public attractions.[6]

34. "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." Arts & Cult. Aff. Law § 25.03(6).

35. As described above, the $9.00 per ticket increase "represents a service charge, or any other fee or surcharge to the purchaser." Arts & Cult. Aff. Law § 25.07(4).

36. On or about March 28, 2024, Plaintiff purchased four tickets on Defendant's website to the Madison Square Garden Tour Experience, which included admission to Madison Square Garden arena in New York City, and was forced to pay this service charge, fee, or surcharge. Plaintiff was harmed by paying this because this service charge, fee, or surcharge was never delineated apart from the ticket price and is therefore unlawful pursuant to Arts & Cult. Aff. Law § 25.07(4).

37. Defendant violated Arts & Cult. Aff. Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser" as depicted in Figure 2 of this Complaint.

---

[6] https://help.supplier.viator.com/en/articles/317-supplier-agreement (visited February 13, 2025).

38. On behalf of herself and members of the Class, Plaintiff seeks to recover fifty dollars in statutory damages for each ticket sold and reasonable attorneys' fees. *See* Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

   a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

   b. Finding in favor of Plaintiff and the Class on the count asserted herein;

   c. Awarding statutory damages in amounts to be determined by the Court and/or jury;

   d. Awarding Plaintiff and the Class reasonable attorneys' fees, costs, and other litigation expenses;

   e. Awarding pre- and post-judgment interest, as allowable by law; and

   f. Awarding such further and other relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims so triable.

*Respectfully submitted,*

*/s/ Aaron S. Welo*

Aaron S. Welo (BBO #569404)
William H. Beaumont (*pro hac vice* forthcoming)
BEAUMONT LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 832-8000
whb@beaumont-law.com
asw@beaumont-law.com
*Attorneys for Plaintiff*