United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Corinna Ramlogan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 25-10509-NMG |
| Viator, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

MEMORANDUM & ORDER

GORTON, J.

Plaintiff Corinna Ramlogan ("plaintiff" or "Ramlogan"), suing individually and on behalf of other persons similarly situated, alleges that Viator, Inc. ("defendant" or "Viator") violated the Arts and Cultural Affairs Law ("ACAL") of New York State. Defendant has filed a Motion to Dismiss (Docket No. 22), contending that plaintiff has failed to state a claim upon which relief can be granted. For the reasons below, that motion will be denied.

I. **Facts**

Defendant is an online seller of tickets for a wide variety of tourist attractions and other activities. On or about March 28, 2024, plaintiff purchased four tickets from defendant's website for a backstage tour of Madison Square Garden ("MSG") in

1

New York City ("the tour").  The tickets were purchased for $46 dollars each, the same price available at MSG's website.  MSG sold the same tickets at the box office, however, for $37.  The tour included backstage access to MSG rooms and facilities, with a tour guide providing commentary and information about the building's history and architecture.

Plaintiff alleges that defendant did not provide an itemized list of the base ticket price and additional fees as required under ACAL and seeks to represent a putative class of ticket purchasers who have paid undisclosed fees to defendant. Defendant moves to dismiss plaintiff's claims on the grounds that 1) ACAL §25.07(4) does not require an itemized breakdown of the ticket price, 2) plaintiff has not sufficiently alleged an injury under ACAL §25.33 and 3) MSG does not qualify as a "place of entertainment" covered by the statute.

II.  **Legal Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant

2

is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering such a determination, a court may consider certain categories of documents extrinsic to the complaint "without converting a motion to dismiss into a motion for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). For instance, a court may consider documents of undisputed authenticity, official public records, documents central to a plaintiff's claim and documents that were sufficiently referred to in the complaint. Watterson, 987 F.2d at 3.

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Id. at 12. Rather, the court's inquiry must focus on the reasonableness of the inference of liability that plaintiff is asking the court to draw. Id. at 13.

### III. Analysis

#### A. Failure to State a Claim

Plaintiff alleges that the $9 difference between the price charged at the MSG ticket booth and the price charged by Viator represents a surcharge that should have been identified in the ticket price.

Under ACAL §25.07(4), covered entities must disclose

the total cost of the ticket, inclusive of all ancillary fees
that must be paid in order to purchase the ticket, and
disclose in a clear and conspicuous manner the portion of the
ticket price stated in dollars that represents a service
charge, or any other fee or surcharge to the purchaser.

Such disclosure must be displayed in the ticket listing prior to being selected for purchase, and the price must not increase during the purchase process. Id.

Unfortunately, in its memorandum in support of its Motion to Dismiss, defendant frequently mischaracterizes both the statute and plaintiff's complaint. Contrary to Viator's exposition of ACAL §25.07(4), the statute prohibits conduct even where the price of the ticket does not increase during the purchase process. If the covered entity does not disclose, in a clear and conspicuous manner, any service charge, fee or surcharge, it is a violation of the statute, even if the listed price remains unchanged.

Such a violation is what Ramlogan alleges in her complaint: a ticket at the box office costs $37 while it costs $46 on defendant's website and thus "there is a $9.00 surcharge to buy this ticket from" Viator that it fails to disclose. Moreover, defendant disingenuously claims that plaintiff

does not allege that Viator charges ancillary fees (i.e.,
service charge or surcharge) to complete a purchase.

4

Defendant contends that it did not impose any surcharge because MSG also lists the ticket for $46 online, and the lower $37 box office price (the benchmark for any alleged surcharge) is, in its view, irrelevant.

The Court is unpersuaded by defendant's arguments.  At the Motion to Dismiss stage, plaintiff is entitled to the reasonable inference that the price differential is a surcharge or ancillary fee. Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007).  That the ticket also costs $46 on MSG's website does not negate that inference because both websites could independently include a $9 surcharge.[1] Plaintiff's claim is not foreclosed by the possibility that MSG may also have violated the law.

In sum, plaintiff's complaint gives rise to the reasonable inference that the $9 difference between the ticket price at the box office and Viator's website is a surcharge.  As such, by the statute's plain language, defendant was required to disclose the charge.

B. **Failure to Allege an Injury**

While ACAL assigns primary enforcement authority to the New York Attorney General, it also confers a private right of action

---

[1] The parties also dispute whether Viator would be required to disclose a fee that originated with MSG but was then passed along by Viator.  The Court need not consider that argument because it was raised for the first time in plaintiff's opposition brief. Wang Yan v. ReWalk Robotics Ltd., 330 F. Supp. 3d 555, 570 (D. Mass. 2018).

5

to individuals who have been "injured by reason of a violation" of the statute. ACAL §25.33.  Defendant contends that plaintiff has not alleged that she was injured by the purported violation and thus cannot bring a private action.  Specifically, Viator asserts that an ACAL claim cannot pass muster if it sets forth the statutory violation "as both act and injury," relying on case law interpreting a different New York consumer protection statute that contains identical language in conferring a private right of action. See Small v. Lorillard Tobacco Co., Inc., 720 N.E.2d 892 (N.Y. 1999) (analyzing injury requirement to bring a deceptive trade practices claim under N.Y. GEN. BUS. §349 ("GBL 349")).[2]  Defendant also contends that allowing the statutory violation to serve as the injury would render the phrase "injured by reason of a violation" superfluous.

Although cases analyzing identical statutory language can be instructive, the Court declines to adopt defendant's proposed interpretation of ACAL.  First, the conduct prohibited by GBL 349 and addressed in the Small decision, i.e. deceptive trade practices, is distinguishable from that prohibited by ACAL. Deception is an amorphous violation that does not lend itself to clear definition and does not necessarily cause an identifiable

---

[2] GBL 349 makes unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York and confers a private right of action to "any person who has been injured by reason of any deceptive act or practice made unlawful by this section."

injury.  A consumer could be deceived by a false advertisement but still choose not to purchase the product.  In such a case, the consumer cannot be said to have been injured.

Given the potentially massive scope of behavior prohibited by GBL 349, courts interpreting that statute in the years following its passage expressed concern about a "tidal wave of litigation" unintended by the legislature. Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 745 (N.Y. 1995).  In such a context, a rule requiring an injury independent of the deception itself makes sense.  ACAL, on the other hand, targets much narrower and more clearly defined conduct.  Given the significant distinction between the scope of the statutes, the Court discounts the comparative caselaw. See United States v. Meade, 175 F.3d 215, 219 (1st Cir. 1999) ("(P)recedent teaches that the case for construing one statute in a manner similar to another is weakest when the two have significant differences.").

Even if the Court were to adopt the rule of the Small decision that the statutory violation cannot serve as both act and injury, subsequent case law indicates that Ramlogan's complaint does, in fact, plead a cognizable injury.  In the years since Small, New York courts have held that plaintiffs plead an injury under GBL 349 if they allege they paid a higher price than they otherwise would have due to the deceptive

7

practice. Koenigsberg v. Bd. of Trs. of Columbia Univ., 2024 WL 1256270, at *11 (Mar. 22, 2024, S.D.N.Y.) (explaining the "price premium" theory of injury).  Here, Ramlogan alleges that the price she paid for the ticket was $9 higher than its actual value, as represented by the price charged at the ticket booth. The price differential was a result of defendant's failure to disclose that the ticket itself costs $37 and that the additional $9 was for fees.  Thus, even under defendant's proposed interpretation of ACAL, plaintiff states a claim for a private cause of action.

Defendant's reliance on the canon against superfluity is similarly unpersuasive because the phrase "injured by reason of a violation" does not lose independent meaning under plaintiff's interpretation.  Such an interpretation would, for example, foreclose a claim brought by a consumer who, while browsing tickets, noticed a ticket with an undisclosed fee but chose not to purchase it.  Without the purchase, there is no injury and thus no standing to bring a claim.  Here, plaintiff did purchase a ticket with an alleged undisclosed fee.  That is sufficient to state a cause of action.

Such an interpretation is further supported by Pires v. The Bowery Presents, LLC, 988 N.Y.S. 2d 467 (N.Y. Sup. Ct. 2014), in which the plaintiff alleged a violation of a different ACAL

8

section and sued under the same private-right-of-action section

at issue in this case.  In that case, the court held that

> because [plaintiff] alleges a violation of a statutory right,
> and that right is accorded a remedy, [plaintiff] sufficiently
> states a direct injury under Arts and Cultural Affairs Law
> §25.30(1)(c).

Defendant attempts to discount that holding by noting that

the injury in Pires is "notably different" than that in the

instant case.  That argument is unavailing, however, because the

Pires decision does not turn on the gravity of plaintiff's

injury but rather on the simple fact that a statutory violation,

for which the law provides a remedy, is an injury sufficient to

state a claim under ACAL.

### C. Place of Entertainment

Finally, defendant contends that MSG is not a "place of

entertainment," as required by statute, because the tour was not

a form of "entertainment" defined thereunder, citing §25.03(1),

(6).  That narrow reading of the statutory language is

pretentious.  MSG is a facility which hosts sporting events,

concerts and other forms of entertainment. ACAL §25.03(6);

People v. Osborne, 688 N.Y.S.2d 874, 876 (Crim. Ct. 1999)

(noting MSG is a "place of entertainment").  Defendant provides

no case law to support its contention that a place of

entertainment loses that status depending upon a given activity.

See United States v. Roberson, 459 F.3d 39, 55 (1st Cir. 2006)

("Absent a conflict between the two provisions, resort to the canons (which are, after all, only tools of construction) is unnecessary.").

Nevertheless, plaintiff has pled facts sufficient to find that the tour for which she purchased tickets was, in and of itself, entertainment.  The tour involved exclusive access to private areas of the facility, with a guide providing commentary and historical lessons about the building. ACAL §25.03(1) (defining "[e]ntertainment" as "all forms of entertainment including, but not limited to . . . all other forms of diversion, recreation or show"); Teta v. Go New York Tours, Inc., 738 F. Supp. 3d 502, 505 (S.D.N.Y. 2024) (applying ACAL to tickets purchased for sightseeing tour).

### ORDER

For the foregoing reasons, defendant's Motion to Dismiss (22) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated:  March 6 , 2026

10